IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

FILED
U.S. DISTRICT COURT
DISTRICT OF NEBRASKA
2019 AUG 21 AM 11:28
OFFICE OF THE CLERK

UNITED STATES OF AMERICA,

Plaintiff,

vs.

WILD WILLY'S FIREWORKS, LLC,

Defendant.

8:19CR 247

PLEA AGREEMENT

IT IS HEREBY AGREED between the plaintiff, United States of America, through its counsel, Joseph P. Kelly, United States Attorney and Jody Mullis, Assistant United States Attorney, and defendant, WILD WILLY'S FIREWORKS, LLC, and Clarence Mock, counsel for WILD WILLY'S FIREWORKS, LLC, as follows:

I
THE PLEA

A.   CHARGE(S) & FORFEITURE ALLEGATION(S).

Defendant agrees to plead guilty to an Information charging a violation of the 18 U.S.C. § 1519.

In exchange for the defendant's plea of guilty as indicated above, the United States agrees that the defendant, and its registered agent, Dan Williams, will not be federally prosecuted in the District of Nebraska for other known violations of federal law as of the date this agreement is signed by all parties, other than as set forth above.

II
NATURE OF THE OFFENSE

A.   ELEMENTS EXPLAINED.

Defendant understands that the offense to which defendant is pleading guilty has the following elements:

1. Defendant is a person as defined under 33 U.S.C. §1362(5);
2. Defendant knowingly falsified a document;
3. Defendant acted with the intent to impede the investigation of the Occupational

1

    Safety and Health Administration in relation to a matter; and

4. The matter was within the jurisdiction of the Occupational Safety and Health Administration, which is an agency of the United States.

B. ELEMENTS UNDERSTOOD AND ADMITTED - FACTUAL BASIS.

Defendant has fully discussed the facts of this case with defense counsel. Defendant has committed each of the elements of the crime, and admits that there is a factual basis for this guilty plea. The following facts are true and undisputed.

WILD WILLY'S FIREWORKS, LLC ("Wild Willy's") is a retail and wholesale fireworks business. Wild Willy's is an active corporation in Nebraska with a principal office in Springfield, Nebraska. The registered agent and owner is Dan Williams ("Williams"). In January of 2017, as part of the fireworks business, Wild Willy's employed multiple individuals and utilized various tools and equipment, including forklifts. Employees of Wild Willy's regularly operated forklifts as part of their duties at Wild Willy's.

On January 17, 2017, an Occupational Safety and Health Administration ("OSHA") inspector traveled to Wild Willy's in Springfield, Nebraska for the purpose of conducting a workplace inspection. The owner of Wild Willy's, Williams, was not present at Wild Willy's when the OSHA inspector arrived on January 17, 2017. When the OSHA inspector arrived at Wild Willy's on January 17, 2017, he was not permitted to enter. Williams spoke with the OSHA inspector over the telephone and they agreed that the OSHA inspector would return the next day- January 18, 2017. After speaking with the OSHA inspector over the telephone on January 17, 2017, Williams traveled to Wild Willy's and arrived that afternoon.

After arriving at Wild Willy's, Williams instructed employees to perform certain tasks in preparation for the OSHA inspector's January 18, 2017 inspection. On January 17, 2017,

2

Williams contacted R.S., who worked at a different business owned by Williams. R.S. was qualified to instruct individuals on how to safely operate forklifts. R.S. traveled to Wild Willy's on January 17, 2017 for the purpose of conducting forklift training.

However, when R.S. arrived at Wild Willy's, Williams advised R.S. that there was insufficient time to perform the forklift training. Williams instructed R.S. to complete documentary certificates for four individuals stating that R.S. had trained each of the respective employees regarding proper fork lift operation. Three of the individuals were employees of Wild Willy's and the other individual was Williams. The certificates were each titled, "Certificate of Training." Each of the certificates stated the following: "This is to notify that [individual] has successfully completed the training program Forklift Operator Safety Training." R.S. completed the certificates for each of the four individuals that Williams indicated needed a certificate. Each of the certificates were back dated to September 28, 2015 indicating that the individuals received forklift training on September 28, 2015. Each of the respective certificates were signed by R.S. Although each of the certificates indicated that R.S. provided forklift training to the individual listed on the respective certificate on September 28, 2015, R.S. did not train any of the individuals on September 28, 2015. The employees of Wild Willy's, and Williams, collectively knew that R.S. did not provide forklift training to the four individuals on September 28, 2015.

On January 18, 2017, a representative of OSHA requested that someone at Wild Willy's send copies of the forklift training certificates to OSHA. On January 18, 2017, one of the employees of Wild Willy's who received a certificate for forklift training, E.C., but who had not undergone the training, emailed OSHA copies of the four respective certificates. Each of the

3

four certificates falsely represented that the respective individuals received forklift training on September 28, 2015.

OSHA is an agency of the United States. In January of 2017, OSHA was authorized to investigate whether Wild Willy's was operating in compliance with OSHA standards. OSHA was authorized to investigate whether employees of Wild Willy's were properly trained in forklift truck operation.

## III

## PENALTIES

A. Defendant understands that the crime to which defendant is pleading guilty carries the following penalties:

1. A minimum 1 year term and a maximum 5 year term of probation;
2. A maximum $500,000 fine; and
3. A mandatory special assessment of $125.

## IV

## AGREEMENT LIMITED TO U.S. ATTORNEY'S OFFICE
## DISTRICT OF NEBRASKA

This plea agreement is limited to the United States Attorney's Office for the District of Nebraska, and cannot bind any other federal, state or local prosecuting, administrative, or regulatory authorities.

## V

## SENTENCING ISSUES

A. SENTENCING AGREEMENTS.

Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the parties agree that WILD WILLY'S FIREWORKS, LLC shall receive a fine of $35,000, payable at the time of sentencing. The Court shall impose a 3 year term of probation and WILD WILLY'S FIREWORKS, LLC waives any right to seek early release from the term of probation. As a special term of probation, WILD WILLY'S FIREWORKS, LLC shall comply with all OSHA regulations. As a

special term of probation, WILD WILLY'S FIREWORKS, LLC shall submit to unannounced inspections by United States probation officers and by OSHA inspectors. As a special term of probation, WILD WILLY'S FIREWORKS, LLC must report to United States probation any notice of OSHA violations or any civil litigation involving OSHA. As a special term of probation, WILD WILLY'S FIREWORKS, LLC shall develop and submit to the court an effective compliance and ethics program. The program shall include a plan to comply with all requirements of OSHA involving training, equipment, and safety. WILD WILLY'S FIREWORKS, LLC shall comply with the program. The principals and officers of WILD WILLY'S FIREWORKS, LLC, will not incorporate under a new name to distribute fireworks. Should WILD WILLY'S FIREWORKS, LLC violate its probation and receive a subsequent fine the officers of WILD WILLY'S FIREWORKS, LLC agree that they will be personally liable for any fines accrued while on probation. This negotiated agreement resolves all issues related to the case and is the appropriate disposition. WILD WILLY'S FIREWORKS, LLC waives the right to seek or receive a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2).

E.   "FACTUAL BASIS" AND "RELEVANT CONDUCT" INFORMATION.

The parties agree that the facts in the "factual basis" paragraph of this agreement, if any, are true, and may be considered as "relevant conduct" under U.S.S.G. § 1B1.3 and as the nature and circumstances of the offense under 18 U.S.C. § 3553(a)(1).

The parties agree that all information known by the office of United States Pretrial Service may be used by the Probation Office in submitting its presentence report, and may be disclosed to the court for purposes of sentencing.

## VI

### DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK

The defendant hereby knowingly and expressly waives any and all rights to appeal the defendant's conviction and sentence, including any restitution order in this case, and including a waiver of all motions, defenses, and objections which the defendant could assert to the charges or to the Court's entry of Judgment against the defendant, and including review pursuant to 18 U.S.C. § 3742 of any sentence imposed, except:

      (a) As provided in Section I above, (if this is a conditional guilty plea); and

      (b) A claim of ineffective assistance of counsel.

The defendant further knowingly and expressly waives any and all rights to contest the

defendant's conviction and sentence in any post-conviction proceedings, including any proceedings under 28 U.S.C. § 2255, except:

    (a) The right to timely challenge the defendant's conviction and the sentence of the Court should the Eighth Circuit Court of Appeals or the United States Supreme Court later find that the charge to which the defendant is agreeing to plead guilty fails to state a crime.

    (b) The right to seek post-conviction relief based on ineffective assistance of counsel.

If defendant breaches this plea agreement, at any time, in any way, including, but not limited to, appealing or collaterally attacking the conviction or sentence, the United States may prosecute defendant for any counts, including those with mandatory minimum sentences, dismissed or not charged pursuant to this plea agreement. Additionally, the United States may use any factual admissions made by defendant pursuant to this plea agreement in any such prosecution.

## VII

## BREACH OF AGREEMENT

Should it be concluded by the United States that the defendant has committed a crime subsequent to signing the plea agreement, or otherwise violated this plea agreement, the defendant shall then be subject to prosecution for any federal, state, or local crime(s) which this agreement otherwise anticipated would be dismissed or not prosecuted. Any such prosecution(s) may be premised upon any information, statement, or testimony provided by the defendant.

In the event the defendant commits a crime or otherwise violates any term or condition of this plea agreement, the defendant shall not, because of such violation of this agreement, be allowed to withdraw the defendant's plea of guilty, and the United States will be relieved of any obligation it otherwise has under this agreement, and may withdraw any motions for dismissal of charges or for sentence relief it had already filed.

## VIII

## SCOPE OF AGREEMENT

A. This plea agreement embodies the entire agreement between the parties and supersedes any other agreement, written or oral.

B. By signing this agreement, the defendant agrees that the time between the date the defendant signs this agreement and the date of the guilty plea will be excluded under the Speedy Trial Act. The defendant stipulates that such period of delay is necessary in order for the defendant to have opportunity to enter the anticipated plea of guilty, and that the ends of justice served by such period of delay outweigh the best interest of the defendant and the public in a speedy trial.

C. The United States may use against the defendant any disclosure(s) the defendant has made pursuant to this agreement in any civil proceeding. Nothing contained in this agreement shall in any manner limit the defendant's civil liability which may otherwise be found to exist, or in any manner limit or prevent the United States from pursuing any applicable civil remedy, including but not limited to remedies regarding asset forfeiture and/or taxation.

D. Pursuant to 18 U.S.C. § 3013, the defendant will pay to the Clerk of the District Court the mandatory special assessment of $400 for the felony count to which the defendant pleads guilty. The defendant will make this payment at or before the time of sentencing.

E. By signing this agreement, the defendant waives the right to withdraw the defendant's plea of guilty pursuant to Federal Rule of Criminal Procedure 11(d). The defendant may only withdraw the guilty plea in the event the court rejects the plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(5). Furthermore, defendant understands that if the court rejects the plea agreement, whether or not defendant withdraws the guilty plea, the United States is relieved of any obligation it had under the agreement and defendant shall be subject to prosecution for any federal, state, or local crime(s) which this agreement otherwise anticipated would be dismissed or not prosecuted.

F. This agreement may be withdrawn by the United States at any time prior to its being signed by all parties.

## IX

### MODIFICATION OF AGREEMENT MUST BE IN WRITING

No promises, agreements or conditions have been entered into other than those set forth in this agreement, and none will be entered into unless in writing and signed by all parties.

X

**DEFENDANT AND COUNSEL FULLY UNDERSTAND AGREEMENT**

By signing this agreement, defendant certifies that defendant read it. Defendant has discussed the terms of this agreement with defense counsel and fully understands its meaning and effect.

UNITED STATES OF AMERICA
JOSEPH P. KELLY
United States Attorney

_8/21/2019_
Date

_____
JODY BRENT MULLIS
ASSISTANT U.S. ATTORNEY

_7/23/2019_
Date

_____
WILD WILLY'S FIREWORKS, LLC
DEFENDANT

_7/23/2019_
Date

_____
CLARENCE MOCK
COUNSEL FOR DEFENDANT

8